**Cheick Fantamady CAMARA, Petitioner,**

**v.**

**Eric H. HOLDER Jr., Attorney General,[1] Respondent.**

**No. 08–0315–ag.**

United States Court of Appeals, Second Circuit.

June 19, 2009.

---

**1.** Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case. Fed. R.App. P. 43(c)(2).

Camille J. Mackler, Law Office of Theresa Napolitano, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Carol Federighi, Senior Litigation Counsel, Kristin K. Edison, Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, DC, for Respondent.

Present GUIDO CALABRESI, ROBERT A. KATZMANN and DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Cheick Fantamady Camara, a native and citizen of Mali, seeks review of the December 20, 2007 order of the BIA affirming the January 12, 2006 decision of Immigration Judge ("IJ") Barbara A. Nelson denying his application for cancellation of removal. *In re Cheick Fantamady Camara*, No. A093 305 772 (B.I.A. Dec. 20, 2007), *aff'g* No. A093 305 772 (Immig. Ct. N.Y. City Jan. 12, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA sustains the IJ's conclusions, but does so on a narrower basis, we confine our analysis to the rationale of the IJ on which the BIA relied. *See Zerrei v. Gonzales*, 471 F.3d 342, 346 (2d Cir.2006). Because the BIA addressed only the IJ's finding that Camara failed to establish that he was "a person of good moral character" for purposes of his application for cancella-

tion of removal, *see* 8 U.S.C. §§ 1101(f), 1229b (b)(1)(B), we review only that finding. We assume (without deciding) our jurisdiction here because "the jurisdictional issues are complex and the substance of the claim is ... plainly without merit." *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 338 (2d Cir.2006).

Like the BIA, we find no basis for reversing the IJ's finding that Camara's consistent misrepresentations regarding his marital history (when completing three separate applications for immigration benefits) provided adequate reasons for concluding that he failed to establish the requisite good moral character for cancellation of removal. In their decisions, the IJ and BIA considered—and rejected—Camara's explanations for his varying answers as to his marital history. Ultimately, assuming our jurisdiction, we find no reason to disturb the agency's finding that Camara failed to establish that he was a person of good moral character and, therefore, failed to establish eligibility for cancellation of removal. *See* 8 U.S.C. §§ 1101(f), 1229b (b)(1)(B).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).